Johnson, C. J. It is insisted that;, though the first count in the declaration is framed in case, it lay in assumpsit, and that therefore it is a misjoinder. The plaintiff below had the undoubted right to elect between the two, and having chosen to frame it in case, he was clearly at liberty to add a count in trover. Case is the appropriate remedy for injuries to personal property, not committed with force or not immediate, or where the plaintiff’s right thereto is in reversion. It lies against attorneys or other agents for neglect in the conduct of a cause or other business, or for not accounting for money, &c., though it has been more usual to declare in such cases in assumpsit. It also lies for negligence against bailees, as against carriers, wharfingers, and others having the use or care of personal property. See, 1 Chit. PI. 140. It is laid down by the same writer, that case will lie for not returning a spaniel delivered to the defendant to be tried and returned in a reasonable time, and also, that a count in trover may be joined with it. See, 1 Chit. PI. 202. The two counts therefore were well joined in the declaration. The only question remaining to be decided, relates to the sufficiency of the testimony to warrant the verdict. The first witness called by the plaintiff below testified that he was sitting on the road side, when the defendant passed along leading a certain brown brute, that the defendant was asked if that was the nag which was won on the race or put upon a race the day before, that he replied she was the mare the plaintiff won from Sinclair, and said he had borrowed her from the plaintiff for his little son to ride home, and that he was carrying her back to him, and enquired if the plaintiff was in town, and that this took place about two weeks after the last term of the Marion circuit court. The plaintiff proved, likewise, by another witness, that some time in the latter part of October last past, he was called upon by the plaintiff to witness the fact that he demanded his mare of the defendant, that the defendant replied that the mare was in town, and if he wanted her he could go and get her, and that he would not deliver her to him, that the plaintiff was to meet him in town to get the mare, and that the plaintiff denied that he was to meet him in town, but said the defendant was to cornc by his house, and that perhaps he would go with him to town, and that the defendant again said he was to meet him in town to get the mare. The defendant then introduced a witness, who stated that he and the plaintiff had made a race for one hundred dollars in property, which was to come off some time in the latter part of October last past, that he (the witness) wanted a nag to put up as a stake, that he stated to the plaintiff that he wanted to see Clements in order to get a nag from him, that defendant said he would let Clements have one, and told him (the witness) to take the nag and put it up to make the stake. He further stated that the plaintiff, the defendant and himself all agreed that if he (the witness) should lose the mare, that they and Clements, who was then present, would meet the next day in the town of Yellville, and have her valued, and that if he (the witness) was satisfied with the valuation, Clements would become accountable to the defendant for the value, and that in that event the witness would receive the mare from Clements and deliver her to the plaintiff; but that if the witness was not satisfied with the valuation, he would let Clements keep the nag and furnish the plaintiff with as good a one in its stead. He also stated thathelostthemare, that the plaintiff and defendant came to him after the race was over, and that the defendant said in the presence of the plaintiff that he wanted to ride her home, and that he would bring her back the next morning to be valued according to the agreement, to which he himself consented, that the defendant in pursuance of his promise brought the mare back the next day and delivered her to Clements, when Clements and himself agreed upon the price, that the plaintiff failed to meet them at Yellville to receive the mare according to their agreement, after having been sent for the second time, that he (the witness) remained there during that day and until near noon on the next, when he rode the mare to his residence, near twenty miles distant, and that he never did deliver her to the plaintiff, and that the plaintiff never had possession of her. This is the substance of all the testimony adduced upon the trial of this cause. We consider it clear that the facts as disclosed before,the jury, were not such as to warrant the verdict. The declarations of the defendant, if taken alone, might have left some room to doubt the real state of case; but when the testimony offered by the defendant is considered in connexion with them, all doubts and difficulties are entirely removed. The latter fully explains the former, and leaves the whole case clear and easily understood. The defendant admitted that he had borrowed the mare from the plaintiff, and that he engaged to return her to Yellville, and that the plaintiff was to meet him there to receive her. He also stated that he had taken her to Yellville pursuant to his promise, and that the plaintiff had failed to meet him. From the testimony of the defendant’s witness, the mare had not been delivered to the plaintiff, nor had the title passed to, or vested in him. She was to become his property in case the parties should all meet at the time and place appointed, and the witness should be satisfied with the value that might be set upon her. Here there was a condition precedent, which had necessarily to be performed before the title vested in the plaintiff, and the testimoney is that it never was performed. The testimony of the defendant’s witness does not contradict the declarations of the defendant as detailed by the witnesses of the plaintiff, but support and explain them. Every word the defendant said about having borrowed the mare of the plaintiff may be strictly true, and yet he never may have had the title, nor the actual possession. It is quite natural that the plaintiff should have taken the liberty to loan the mare under all the circumstances as related by the defendant’s witnesses. This he might have done when no objection was interposed by the party to whom she belonged, and that too without having any strict legal right. That such was the true state of case, we think is abundantly proven, and that, therefore, the verdict was improperly found for the plaintiff. The judgment of the circuit court in overruling the motion for a new trial is, consequently, erroneous and ought to be reversed. The judment is reversed and the case remanded.